**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0063n.06

Case No. 14-1536

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

Jan 21, 2015

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| TYRONE FRAZIER; LAURANCE HARWOOD; DANIEL THARP, | ) ) ) | |
| Plaintiffs-Appellees, | ) ) | |
| UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, INTERNATIONAL UNION, | ) ) ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | |
| THOMAS S. MALEK, Acting Director of the Michigan Employment Security Agency; STATE OF MICHIGAN, DEPARTMENT OF LICENSING & REGULATORY AFFAIRS, UNEMPLOYMENT INSURANCE AGENCY, | ) ) ) ) ) ) ) | |
| Defendants-Appellees. | ) | |

BEFORE: GIBBONS and COOK, Circuit Judges; GWIN, District Judge[*]

---

[*]The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

PER CURIAM. This litigation began in the 1990s as a suit by the United Automobile, Aerospace, and Agricultural Implement Workers of America, International Union (UAW) and three of its members against the director of what was then known as the Michigan Employment Security Agency, now the Michigan Unemployment Insurance Agency (the Agency). The UAW and its members alleged that the Agency's collection practices for recouping improperly paid unemployment insurance benefits—what the parties refer to as "overpayments"—violated the Social Security Act and the Fourteenth Amendment's Due Process Clause. The parties settled in April 1997, and the district court entered a stipulated judgment of dismissal that incorporated the settlement terms and "retain[ed] [the court's] jurisdiction to enforce the settlement agreement." The Agency agreed in the settlement to follow certain "policies and practices" related to its collection of overpayments, including (i) issuing restitution determinations to overpayment recipients, and (ii) "hold[ing] the adjudication of the restitution determination in abeyance" during the pendency of a timely administrative appeal. (R. 9-2, Settlement Agreement ¶ 7.)

Sixteen years later, the UAW moved to enforce the settlement agreement, alleging "widespread" violations of the agreement's collection policies and requesting injunctive relief. The UAW also moved to substitute the current state official as a defendant and to join four new plaintiffs. The Agency responded by (i) moving to strike certain aspects of the enforcement and joinder motions and, alternatively, (ii) moving to set aside the settlement and dismiss the case. Without reaching the merits of the UAW's allegations, the district court denied the UAW's motions, concluding that the UAW had no injury or remedy under the settlement agreement; this decision rendered moot the Agency's adverse motions. The UAW appeals, challenging only the denial of its motion to enforce the settlement agreement. We agree that the district court abused

its discretion, *see RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 645 (6th Cir. 2001), and we REVERSE.

In denying the UAW's enforcement motion, the district court *sua sponte* concluded that the UAW "has not alleged that it suffered damages as a result of the alleged breach by [the Agency]." The court emphasized the settlement agreement's lack of express remedies and characterized its provisions as only clarifying the Agency's existing policies and procedures. Moreover, the court construed the UAW's motion as improperly seeking relief for non-party claimants. None of these reasons precludes consideration of the enforcement motion's merits.

First, the UAW sufficiently alleges associational standing to represent its members' interests in this litigation, owing to its: (1) members' individual standing; (2) interest in member benefits; and (3) ability to pursue this claim and injunctive relief without the participation of individual members. *See UAW v. Brock*, 477 U.S. 274, 281–90 (1986) (concluding that the UAW had associational standing to sue the Secretary of Labor on behalf of its members to challenge the Secretary's interpretation of unemployment benefits under the Trade Act of 1974); *see also Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 342–43 (1977). The settlement does not divest the UAW of standing to enforce the policy changes it achieved for its members when the Agency allegedly reneges on its promises.

Second, the absence of express remedies in the settlement agreement does not foreclose the fashioning of appropriate remedies in the event of a breach. Retained jurisdiction vests the court with inherent authority to enforce its orders by granting injunctive relief. *E.g.*, *SEC v. Dollar Gen. Corp.*, 378 F. App'x 511, 516 (6th Cir. 2010); *Seattle-First Nat'l Bank v. Manges*, 900 F.2d 795, 800 (5th Cir. 1990); *see also Innovation Ventures, LLC v. N2G Distrib., Inc.*, 763

F.3d 524, 544 (6th Cir. 2014) ("A court's ability to issue injunctions . . . springs from the court's inherent equitable powers."). The Agency suggests that the settlement's inclusion of two other remedies—that the Agency issue clarifying directives and revised policies within 45 and 180 days, respectively (*see* R. 9-2, Settlement Agreement ¶ 6)—precludes relief here. But enjoining non-conforming collection practices, as the UAW requests, does not interfere with those terms.

Third, the settlement agreement does more than clarify existing policies—it unambiguously requires policy changes. In paragraph 7, the Agency "agree[d] to . . . policies and practices," including issuing "a determination of restitution" and, upon the filing of a timely appeal, "hold[ing] the adjudication of the restitution determination in abeyance until the appeal on the underlying issue(s) . . . becomes final." We discern no obstacle to the district court determining whether the Agency systematically has ignored these conditions and, if it has, ordering the appropriate remedy.[1] To the extent the parties dispute the underlying facts, the court may hold an evidentiary hearing.

Finally, the Agency offers a variety of alternative justifications for the district court's judgment, ranging from fact-based defenses to abstention under the rule of *Burford v. Sun Oil Corp.*, 319 U.S. 315 (1943). We leave it to the district court to review these in the first instance on remand. Accordingly, we REVERSE and REMAND for further proceedings consistent with this opinion.

---

[1]On appeal the UAW asks only for injunctive relief that enforces the terms of the settlement agreement.